IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
EASTERN DIVISION

FILED
JAN 2 4 2002
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA

| | |
|---|---|
| WILLIAM BONNER, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No.: CV-01-PT-3158-E |
| ) | |
| EDWARD A. LINDENBERG, SOUTHLAND ) | |
| TRANSPORTATION COMPANY, DANNY ) | |
| LANE PRICE, AMSOUTH TRANSPORTATION ) | |
| INC., ) | ENTERED |
| ) | |
| Defendants. ) | JAN 2 4 2002 |

## MEMORANDUM OPINION

This cause comes to be heard on plaintiff William Bonner, Jr.'s Motion to Remand filed on December 14, 2001.

### FACTS

Plaintiff William Bonner, Jr. ("Bonner"), is a citizen of the State of Alabama. Defendant Danny Lane Price ("Price") is a citizen of the State of Tennessee. Defendant Amsouth Transportation, Inc. ("Amsouth") is a corporation incorporated in and maintaining its principal place of business in the State of Georgia. Defendant Edward E. Lindenberg ("Lindenberg") is a citizen of the State of Arkansas. Defendant Southland Transportation Company ("Southland") is a corporation incorporated in and maintaining its principal place of business in the State of Tennessee.

Bonner filed a civil action against Price, Amsouth, Lindenberg, and Southland in the Circuit Court of Cleburne County, Alabama, on October 31, 2001. Bonner alleged that on February 1, 2000, he was injured when a vehicle he was occupying was struck by a motor vehicle being driven by Price. Bonner alleged that Price and Lindenberg negligently or

12

wantonly operated their vehicle in a manner that caused it to collide with the vehicle he was occupying. He additionally alleged that Southland and Amsouth negligently entrusted the vehicle driven by Price to Lindenberg and Price. As a result of this alleged negligence, Bonner alleged that he "was caused to be injured in and about his body, incur medical bills, pain and suffering, lost wages, and emotional distress. Said damages are expected to continue in the future."

On December 10, 2001, Price and Amsouth filed a Notice of Removal to remove this action to this court from the Circuit Court of Cleburne County, Alabama. Price and Amsouth removed this action pursuant to 28 U.S.C. §§ 1332(a)(1), 1441, and 1446(b). On December 14, 2001, Bonner filed a motion to remand the present action.

## ARGUMENTS

Bonner argues that this action is due to be remanded for two reasons. First, he claims that this court lacks subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) because Price and Amsouth have not met their burden to prove that the amount in controversy exceeds the sum of $75,000, exclusive of interests and costs. Relying on the Eleventh Circuit's recent opinion in *Williams v. Best Buy Co., Inc.*, 269 F.3d 1316 (2001), Bonner argues that when a plaintiff has not pled a specific amount of damages, the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement. Bonner claims that the defendants have not met this burden because they have not provided any factual statements to support their conclusory statements in the notice of removal that the amount in controversy clearly exceeds $75,000, exclusive of interest and cost.

Second, Bonner argues that the determination of whether subject matter jurisdiction exists is premature because Lindenberg and Southland have not yet been served and,

2

consequently, have not had an opportunity to join in the removal. Bonner asserts that Price and Amsouth have failed to meet their burden under 28 U.S.C. § 1446(a) by failing to explain Southland's absence in their notice of removal. *See Romashko v. AVCO Corp.*, 553 F. Supp. 391 (N.D. Ill. 1983) ("It is the defendant's burden under the removal statute (28 U.S.C. § 1446(a)) to explain affirmatively the absence of codefendants in the petition for removal, and failure to set out such an explanation renders the removal petition defective.").

Price and Southland did not respond to Bonner's motion to remand. However, in the notice of removal, Price and Southland allege that subject matter jurisdiction is present pursuant to 28 U.S.C. § 1332. In particular, Price and Southland note that Bonner has made claims against them for unspecified damages. Further, they point out that Bonner's complaint alleges prior, existing, and future damages for bodily injury, medical bills, pain and suffering, loss wages, and emotional distress. Additionally, defendants comment that Bonner has alleged that they each acted wantonly, which would justify an award of punitive damages if proven. Consequently, defendants claim that in order to hold that the damages sought are not within the jurisdictional limit of $75,000, this court must find, with legal certainty, that a possible award will not yield more than $75,000. *See Locklear v. State Farm Mut. Auto. Ins. Co.*, 742 F. Supp. 679, 681 (S.D. Ga. 1989), *citing St. Paul Indem. Co. v. Cab Co.*, 303 U.S. 283, 288 (1937).[1]

## MOTION TO REMAND STANDARD

Federal courts are courts of limited jurisdiction. *See Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (1994). Therefore, federal courts only have power to hear cases that they have been authorized to hear by the Constitution or the Congress of the United States. *See Kokkonen v.*

---

[1] The court does not agree with this assertion as stated.

*Guardian Life Ins. Co. of America*, 511 U.S. 375, 377 (1994). The limited nature of federal court jurisdiction has caused the Eleventh Circuit to favor remand of removed cases where federal jurisdiction is not absolutely clear. *Burns*, 31 F.3d at 1095. The removal statute is to be construed narrowly with doubt construed against removal. *See Shamrock Oil & Gas Corp. v. Sheets*, 313 U.S. 100, 107-09 (1941).

A case may be removed from state to federal court only if the case could have been brought originally in federal court. *See* 28 U.S.C. § 1441(a). The burden of establishing federal jurisdiction is placed on the removing party with all doubts resolved in favor of remand. *See Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996). A state court action may be removed to federal court based upon diversity or federal question jurisdiction. *See* 28 U.S.C. § 1441(a), (b). However, diversity will not support removal jurisdiction if any properly joined defendants are citizens of the state in which the suit was originally filed. *See id.*

## ANALYSIS

As the removing party, Price and Amsouth bear the burden of proving that federal jurisdiction exists. *See Kirkland v. Midland Mortgage Co.*, 243 F.3d 1277, 1281 n.5 (11th Cir. 2001). In *Williams*, the Eleventh Circuit recently announced the proper procedure for determining the amount in controversy on removal:

> When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirements. If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed. We reiterate that the burden of proving jurisdiction lies with the removing defendant. A conclusory allegation in the notice of removal that the jurisdictional amount is satisfied, without setting forth the underlying facts supporting such an assertion, is insufficient to meet the defendant's burden.

269 F.3d at 1319-20 (internal citations omitted).

## CONCLUSIONS OF THE COURT

The court concludes that "it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." The plaintiff is claiming pain and suffering, lost wages and emotional distress since February 1, 2000 and to "continue in the future." Plaintiff also claims wantonness which could result in an award of punitive damages.[2]

While the removing defendants allege that Lindenburg has not been served, they do not allege that Southland has not been served.[3] On the other hand, the record does not reveal such service. Further, Paragraph 7 of the motion to remand acknowledges that Southland has not been served. Substance and commonsense, and not form only, should have a role. *See Lewis v. Rego Co.*, 757 F.2d 66 (3rd Cir. 1985). For an indication of what the circumstances will be if the other defendants are served, *see Lewis*, 757 F.2d at 69; *Getty Oil Corp. v. Ins. Co. of N. Am.*, 841 F.2d 1254 (5th Cir. 1988); *Marano Enter. v. Z-Teca Restaurants*, 254 F.3d 753 (8th Cir. 2001).

This 24th day of January 2002.

ROBERT B. PROPST
SENIOR UNITED STATES DISTRICT JUDGE

---

[2] Plaintiff can resolve the issue by agreeing to limit his claim. Otherwise, the court concludes that the claim is apparently "in excess of $75,000.00." The court notes that the removing defendants do, however, misstate the standard in Paragraph 10 of the Notice of Removal. The burden is on the defendants.

[3] By the way, it should be "its principal," not "it's principle" place of business.